## STATE OF TEXAS v. C. W. POST.

No. 2592. Decided April 29, June 26, 1914.

**1.—State Surveyor—School Land—Resurvey—Boundaries.**

A resurvey of school land by the State Surveyor under direction of the Commissioner of the General Land Office, by authority of the Act of April 2, 1887, Laws, 20th Leg., p. 107 (Rev. Stats., 1911, arts. 5347-5349), is not binding on the State. The question of the existence of a vacancy between it and lands theretofore granted to a private owner is not to be determined by the boundaries as so resurveyed, but by the field notes of the original surveys, which the surveyor had no authority to change so as to embrace lands not included therein. (Pp. 470, 471.)

ON MOTION FOR REHEARING.

**2.—Certified Question.**

The Supreme Court, in answering a certified question, will confine its ruling to the question so certified. (P. 471.)

Question certified from the Court of Civil Appeals, Third District, in an appeal from Travis County.

*B. F. Looney,* Attorney General, and *G. B. Smedley,* Assistant, for appellant.—A resurvey under the Act of 1887 is invalid in so far as it covers land not included in the original location. T. & P. Ry. Co. v. Thompson, 65 Texas, 186; Sanborn v. Gunter, 84 Texas, 273; Adams v. H. & T. C. Ry. Co., 70 Texas, 252; Tarlton v. Kirkpatrick, 21 S. W., 405, 409; Compton v. Hatch, 135 S. W., 1052, 1057; Childress Co. Land & Cattle Co. v. Baker, 23 Texas Civil Appeals, 451.

*Jno. P. Marrs* and *Gregory, Batts & Brooks,* for appellee.—The State, through its proper officer, having caused a resurvey of the land in controversy by a State surveyor, appointed under the law, and his work having been approved by the Commissioner of the Land Office, and accepted by the parties affected, and the work not having been attacked for mistake or fraud, the work of the State officials is conclusive and binding. Williamson v. Simpson, 16 Texas, 440; Smith v. Walton, 82 Texas, 551; Cragin v. Powell, 128 U. S., 691; Levy v. Maddox, 71 Texas, 20; Masterson v. Bokell, 32 Texas Civ. App., 509; Yocham v. McCurdy, 95 Texas, 236; Railway Co. v. Bowman, 97 Texas, 417; Houston v.

State, 15 Texas, 370; George v. Thomas, 16 Texas, 74; Hefner v. Downing, 57 Texas, 576; Edwards v. Smith, 71 Texas, 156; Barn v. Smith, 72 Texas, 310.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The Honorable Court of Civil Appeals for the Third Supreme Judicial District certified to this court the following facts found and the question stated:

"This suit was originally instituted by appellee Post against J. T. Robison as Commissioner of the General Land Office of Texas, in which the State of Texas intervened, and sought the recovery from plaintiff of certain land claimed to be vacant. The case was dismissed as to Robison and certain other defendants, and went to trial as between appellee Post and intervener, State of Texas, and resulted in a judgment in favor of appellee, which judgment was affirmed by this court on the 18th day of June, 1913, and reference is here made to the attached copy of our original opinion for a fuller statement of the issues involved.

"On motion for rehearing by the State we reversed our judgment of affirmance, and rendered judgment in favor of appellant State, a copy of which opinion is also hereto attached and made a part of this certificate and is here referred to.

"The case is now pending in this court on motion for rehearing by appellee Post, in addition to which he has filed a motion to certify, which we have granted.

"Briefly summarized, the facts show that appellee was the owner of two blocks of land, one of which was surveyed from the east to the west, and the other from the west and the south to the east and north. If the surveys in these blocks of land be run out as originally located, and their true boundaries thus established, there will exist a vacancy between them, as claimed by the State. In 1905 and 1906 W. D. Twitchell, who had theretofore been appointed State Surveyor by the Commissioner of the Land Office under the Act of 1887, and who had duly qualified as such surveyor, made a resurvey of these blocks of land under the direction of the Commissioner of the Land Office, extending the sections in the eastern block to the west and south, so as to cover these vacancies. He returned his field notes to the Land Office and they were approved by the Commissioner and filed in the proper counties, as required by the Act of 1887. All of the surveys owned by appellee had been patented prior to said resurvey. We held on motion for rehearing, as appears from the copy of our opinion thereon hereto attached, that the resurvey made by Twitchell was not binding upon the State, and that the surveys owned by appellee should be run out, and their lines and corners located in accordance with their original field notes."

With the foregoing statement and explanation, the Court of Civil Appeals certifies to the Supreme Court the following question:

"Did this court err in holding that the resurvey made by W. D. Twitchell was not binding upon the State, and that the surveys owned

by appellee should be run out and their lines and corners located in accordance with their original field notes?"

The Act of the Legislature referred to in the above statement contains the following provisions pertinent to the question certified:

"That for the purpose of ascertaining the conflicts and errors in and making proper corrections of surveys of lands made for the common school, university, or asylum funds, or other surveys in which the State may be interested, directly or indirectly, in cases where from discrepancies or imperfections in field notes it may become necessary for the proper compilation of maps, or for the proper location and identification of said lands upon the ground, the Commissioner of the General Land Office is hereby invested with full power and authority to have such surveys made as he may deem necessary, and to appoint competent surveyors for this purpose."

Section 2 of the Act provides for the qualification of the officer, and further enacts:

"He shall be under the control and direction of the Commissioner of the General Land Office, and under such direction may survey the common school, university, and asylum lands, or other lands in which the State may be interested, and prepare and return field notes of same, and certify to any and all facts, and generally do and perform such official acts as might lawfully be done by a county or district surveyor, and shall sign his name officially as 'State Surveyor.' "

The third section of the Act reads:

"The Commissioner of the General Land Office may have any lands belonging to the common school, university, or asylum funds, or other lands in which the State may be interested, or lands alternating therewith, surveyed or resurveyed, and field notes or corrected field notes of same returned to his office, by any surveyor appointed under this Act, which field notes shall have the same force and effect as if made by the county or district surveyor of the county or district in which said land lies; and upon the adoption and approval of said field notes by the Commissioner of the General Land Office, he shall forward to the surveyor of the county or district in which said land lies, certified copies of said field notes, which thereafter shall be a part of the records of said surveyor's office. In carrying out the provisions of this Act the Commissioner of the General Land Office may, when requested by the owner of lands alternating with the lands resurveyed under the provisions of this Act, cancel patents and in lieu thereof issue patents in accordance with said resurvey. Provided, that all such owners shall pay the expenses incurred in making such corrected surveys of their lands and in issuing said patents. Provided, that no claims shall be created against the State for services performed under this Act in the absence of a previous appropriation therefor."

It is not claimed that Post has not, under the judgment of the Court of Civil Appeals, all of the lands described in the patents issued to him by the State. His claim is that without paying a cent for the land, and without compliance with any provision of law which regulates the

sale of the public land he became the owner of the land which belongs to the public school fund, by the unauthorized act of a surveyor appointed under the provisions of law copied herein.

Under the Act of the Legislature of 1887 to provide for ascertaining and correcting conflicts and errors in surveys "made for the common school fund," etc., the Commissioner of the General Land Office appointed Twitchell. His authority did not extend beyond the ascertainment of the conflicts and errors which may have occurred in the surveying of such lands and any lands "alternating" therewith. The manifest purpose of the Act was to enable the Commissioner of the General Land Office to keep a correct record of said lands, showing their true relations to surrounding surveys. The Commissioner had the power to cause Post's land to be resurveyed, that is, run out according to the field notes of the original survey; but neither the Commissioner nor the surveyor had authority to so change the said field notes as to embrace lands not included in the original survey.

We answer that the Court of Civil Appeals did not err in holding that the State was not bound by Twitchell's act, and that court properly entered judgment in favor of the State for the recovery of the land.

The opinion of Associate Justice Jenkins correctly announces the law applicable to the facts of this case which renders it unnecessary for this court to add to the authorities cited or to offer additional reasons in support of the judgment of that court.

Opinion delivered April 29, 1914.

Mr. Justice Hawkins did not participate in decision of the question submitted.

### ON MOTION FOR REHEARING.

Mr. JUSTICE PHILLIPS delivered the opinion of the court.

That part of the opinion in which it is said that the Honorable Court of Civil Appeals properly entered judgment in favor of the State for the land, and elsewhere expressing approval of its judgment, is withdrawn. The question certified did not involve any holding by us in respect to the correctness of the action of the Court of Civil Appeals in rendering the judgment, and I am authorized by the Chief Justice to say that these expressions in his opinion were inadvertently made. We adhere to the answer made to the certified question, that the resurvey made by Twitchell was not binding upon the State, and the surveys owned by the appellee should be run and the corners located in accordance with their original field notes.

The motion for rehearing is overruled, but the opinion of the court is corrected in the particular stated.

Delivered June 26, 1914.

Associate Justice Hawkins, being disqualified, did not participate in the decision of this motion.